# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **United States of America** | * | |
| | * | |
| **v.** | * | **Case No. 21-cr-0631-2 (TJK)** |
| | * | |
| **Therese Borgerding** | * | |
| | * | |

## MOTION ESTABLISH A SCHEDULE FOR THE FILING
## OF PRETRIAL MOTIONS AND VACATE THE TRIAL DATE
## IN LIGHT OF THE RECENTLY FILED INDICTMENT

Defendant Therese Borgerding, by her undersigned counsel, hereby respectfully moves this

Honorable Court, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(c)(2), the Federal Rules of

Criminal Procedure, the Due Process Clause and the Sixth Amendment, to (1) establish a briefing

schedule for the filing of motions in connection with the new Indictment filed on December 13, 2023;

and (2) vacate the January 16, 2024 trial date. This request is made to allow Ms. Borgerding to

prepare for the new felony charges adequately and to file necessary motions. As permitted by the

local rules, Ms. Borgerding intends to file a reply to the Government's opposition to the instant

motion and seeks a hearing on the matter. In support of her Motion, Ms. Borgerding states as

follows.

### I.      Factual Backgound

1.      On December 13, 2023, an Indictment was filed in this district charging Ms.

Borgerding with a violation of 18 U.S.C. § 231, an offense that carries a statutory maximum penalty

of 5 years' imprisonment. The Indictment also charges four misdemeanors offenses. The allegations

in the Indictment relate to the events that took place at the United States Capitol on January 6, 2021.

*See* Indictment, ECF 73, filed 12/13/2023.

2.      On December 20, 2023, Ms. Borgerding was arraigned in a virtual hearing on the

charges set out in the Indictment.  She pleaded not guilty on all charges.

3.      This case has been pending since July 26, 2021, when the United States charged Ms. Borgerding by Complaint for the same four misdemeanor offenses arising out of the January 6 events contained in the recently filed Indictment.  Complaint, ECF 1, filed 7/26/2021.

4.      On June 12, 2023, this Court had scheduled the jury trial on the four misdemeanor counts to commence on January 16, 2023.

5.      On July 16, 2023, the Court issued a Scheduling Order setting deadlines for the filing of pretrial motions and other materials.  *See* Scheduling Order, ECF 54, filed 7/16/2023.

II.     The Law

     A.     <u>Motions Practice</u>

6.      Rule 12(b)(1), FED. RULE CRIM. PROC., provides that a "party *may* raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." (emphasis added)

7.      However, certain enumerated "defenses, objections, and requests *must* be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Rule 12(b)(3), FED. RULE CRIM. PROC. (emphasis added).

8.      In particular, Rule 12(b)(3) provides that the following must be filed pretrial:

     (A) a motion alleging a defect in instituting the prosecution, including:
          (i) improper venue;
          (ii) preindictment delay;
          (iii) a violation of the constitutional right to a speedy trial;
          (iv) selective or vindictive prosecution; and
          (v) an error in the grand-jury proceeding or preliminary hearing;

(B) a defect in the indictment or information; including;
  (i) joining two or more offenses in the same count (duplicity);
  (ii) charging the same offense in more than one count (multiplicity);
  (iii) lack of specificity;
  (iv) improper joinder; and
  (v) failure to state an offense;

(C) suppression of evidence;

(D) severance of charges or defendants under Rule 14; and

(E) discovery under Rule 16.

**B.**    **Speedy Trial**

9.      To allow for adequate time to prepare for trial, the Speedy Trial Act provides, inter alia, that "trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." 18 U.S.C. § 3161(c)(2). In addition, the Speedy Trial Act provides for the exclusion of time when necessary for consideration of pretrial motions and effective preparation. 18 U.S.C. §§ 3161(h)(1)(d); 3161(h)(7)(b).

**C.**    **Sixth Amendment and Due Process**

10.     The Sixth Amendment right to counsel in 'all criminal prosecutions' is the "right to the effective assistance of counsel" under prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). Effective representation requires among other things that counsel make reasonable investigations, review the evidence in light of the elements of any offense, and discuss the law and evidence with the defendant. *Id.* at 691. In addition, a defendant is entitled to assist in the preparation of her own defense.

### III.     Argument

The recent Indictment, which for the first time charged a felony offense materially changes the upcoming trial.

First, a felony trial presents is materially more complex to defend than a misdemeanor trial. For starters, the felony offense carries more severe direct and collateral consequences.  Ms. Borgerding now faces a significantly more severe prison sentence of up to five years.  If convicted, she also stands to forfeit a number of civil rights that were not in jeopardy when she was only facing misdemeanor offenses, including the right to vote, to hold public office and to possess a firearm.

Second, undersigned counsel is now required to take a fresh look at the evidence vis a vis the elements of the offense.  Counsel is also required to review the evidence with Ms.  Borgerding in light of the elements of a new offense.  To the extent the government has suggested that the evidence is essentially the same does not change the fact that it must be reviewed and considered in light of the different elements of the offense.

Third, in counsel's professional opinion, a number of the enumerated Rule 12(b)(3)(A) & (B) motions must be filed in the case in order to provide adequate representation to Ms.  Borgerding. Research and preparation of such motions will take time for multiple reasons, including that there have been a number of bench and jury trials, some of which have resulted in not-guilty verdicts  that have considered the elements of § 231 civil disorder offenses and defined the quantum of evidence necessary to obtain a conviction.   In addition, application of the civil disorder statute to non-violent conduct during political demonstrations such as is alleged against Ms. Borgerding is a novel application of the law.  In counsel's professional opinion, based on a limited review of the record there are at least four or five pretrial motions that must be filed.  Research and preparation of the

4

necessary motions involves a process that is both time consuming and intellectually rigorous.

Moreover, a number of other motions and procedures that counsel would not seek in a misdemeanor case, must be pursued in counsel's professional opinion where the case involves a felony prosecution.

Fourth, the standard procedure in this district when felony counts are added is to provide the defense with sufficient time to research and prepare the necessary motions with respect to any additional charges. There is not just reason to deviate from or truncate that process in this case. This case has been pending for more than two years, since at least July 2021 when the government first charged Ms. Borgerding with four misdemeanor offenses. The trial date was established more than six months ago, in June 2023. Yet the government waited until 33 days before the scheduled trial to bring felony charges. Given the intervening Christmas and New Year's holidays, there are approximately only 20 working days between the date the Indictment was filed and the trial is scheduled to begin.[1]

Fifth, the fact that Ms. Borgerding lives out of district and that much of the evidence is covered by a Protective Order makes review of the evidence and consultation with her counsel more difficult and time-consuming.

Sixth, the equities support an orderly process. Ms. Borgerding, nor her counsel, nor the Court should be inopportuned or Ms. Borgerding's rights prejudiced by the government's decision to seek a felony indictment at the last minute. The government has two full-time prosecutors, an FBI case agent and other support staff at its disposal. In contrast, undersigned counsel is a solo-

---

[1] That the government mentioned a few weeks earlier that it planned to seek a felony indictment does not change the calculus. Unless and until the Grand Jury returned the Indictment the government's intentions were of no moment.

practitioner appointed under the Criminal Justice Act.  Unlike prosecutors, in order to secure the services of an investigator or paralegal, CJA counel must take the time to petition the Court and wait until the Court approves such requests.  The investigator and paralegal are engaged in other cases in addition to Ms.  Borgerding's case.  Moreover, undersigned counsel has a heavy schedule of other cases.  In January 2024, counsel has sentencing hearings scheduled in four separate cases – three felony cases and one misdemeanor January 6 case.  Counsel also has a reply brief due before the United States Court of Appeals for the D.C. Circuit due in January 2024 in a felony case.

**Conclusion**

Ms.  Borgerding has a right to have adequate representation and to have sufficient time to prepare, consult and assist in the defense of the more severe felony charge that the Government has belatedly filed against her.  There is no good and just reason for the Court to impose a truncated procedure in light of the serious direct and collateral consequences to the newly filed felony charges.  Ms.  Borgerding has no prior convictions so her knowledge of the criminal justice system is limited.  She did not engage in violence on January 6.  For all these reasons, Ms.  Borgerding respectfuly requests that the Court should establish an orderly process for the filing of pretrial motions that provides sufficient time to prepare and file pretrial motions based on a new review of the evidence, and allow the Court to hold a hearing on the motions and issue rulings.  She also respectfully moves for the Court to vacate the January 16, 2024 trial date.

Respectfully submitted,

/s/ *Carmen D. Hernandez*
**Carmen D.  Hernandez**
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391; 301-854-0076 (fax)

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion was emailed this 26th day of December, 2023 to all counsel of record via ECF.

/s/ *Carmen D. Hernandez*

**Carmen D.  Hernandez**