UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **United States of America**   * | |
| * | |
| v.   * | Case No. 21-cr-0631-2 (TJK) |
| **Therese Borgerding**   * | |
| * | |

## MOTION TO DISMISS FOR VIOLATION
## OF SPEEDY TRIAL RIGHTS

Defendant Therese Borgerding, by her undersigned counsel, hereby respectfully moves this Honorable Court to Dismiss the Civil Disorder Count on the basis that the filing of this charges more nearly three years after the alleged acts that give rise to the charges violates her constitutional and statutory rights to a speedy trial.

1. The Indictment charging Ms. Borgerding with a violation of 18 U.S.C. § 231(a)(3) was filed on December 13, 2023 based on conduct allegedly committed by Ms. Borgerding almost three years earlier on January 6, 2021.

2. The facts giving rise to the § 231 charge have been known to the government for more than two and one half years. See Gov Opp to Motion to Continue (ECF 76).

3. Under these circumstances, the Indictment violates Ms. Borgerding's right to a speedy trial.

> The right to a speedy criminal trial has been variously described as "one of the most basic rights preserved by our Constitution," as "amorphous" and "slippery," and as a right "more honored in the breach than the observance." The Supreme Court attempted to inject some order into what had become a confused area of the law in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Realizing the difficulty of articulating a firm and fast time limit beyond which a defendant's right to a speedy trial would be deemed violated, the Court articulated "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Id*.

> at 530. In order to provide a framework for balancing, the Court identified four factors to be weighed in determining whether an accused has been denied his right to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant resulting from the delay. *Id*. at 530. None of these related factors is necessarily determinative. Rather, they are to be "considered together with such other circumstances as may be relevant." 407 U.S. at 533. The Barker test is thus intended not as an easy, mechanical answer to complex questions, but as a framework for "a difficult and sensitive balancing process." *Id*. In short, the right is necessarily relative and depends upon the facts and circumstances of each case. *Beavers v. Haubert*, 198 U.S. 77 (1905).

*United States v. Jones*, 524 F.2d 834, 846 (D.C. Cir. 1975).

4. A delay of more than one year is presumptively prejudicial and triggers the *Barker* analysis.

5. Here, the delay in bringing this charge far exceeds the one-year presumptive deadline.

6. The government has put forth no reason for the delay.

7. The defendant had agreed to various periods of delay but only with respect to the pending misdemeanor charges. She had no idea that the government was contemplating felony charges. Moreover, the Supreme Court was clear that it "places the primary burden on the courts and the prosecutors to assure that cases are brought to trial" in a timely fashion. *Barker v. Wingo*, 407 U.S. at 529.

8. The prejudice to Ms. Borgerding of having to defend against felony charges at such a late date and on such notice is obvious. *See Barker,* 407 U.S. at 533 ("even if an accused is not incarcerated prior to trial, he is still disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility").

9. The Supreme Court identified three such interests: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532.

10. Ms. Borgerding's memory and those of other witnesses regarding the details of events that took place three years ago have necessarily faded, making it more difficult for her to defend against the charges. The emotional toll on her alone is devastating. She has been a law-abiding, hard-working citizen the whole of her entire nearly 61-years. She is married, a mother and grandmother. During the pendency of this case, she lost her mother. Her father is presently in the hospital.

11. Ms. Borgerding was present in Washington, D.C. on January 6, 2021 to attend a political rally at the heart of the protections afforded by the First Amendment.

12. At all times while in D.C., she acted peacefully. She did not destroy property; was not violent; and did not possess any weapons at any time.

13. The government's unexplained lengthy delay in bringing felony charges, which subject Ms. Borgerding to severe direct and collateral consequences is inexcusable. The felony charges expose Ms. Borgerding to five years imprisonment as well as the loss of civil rights, the right to vote, to hold public office among others.

14. In sum, the lengthy delay violates Ms. Borgerding's constitutional rights to a speedy trial under the *Barker v. Wingo* balancing test.

15. The lengthy delay also violates Ms. Borgerding's statutory rights to a speedy trial. 18 U.S.C. § 3161.

**Conclusion**

For all these reasons, and any that may be fair and just, Ms. Borgerding respectfully moves to dismiss the charges against her based on a violation of her speedy trial rights.

> Respectfully submitted,
>
> /s/ *Carmen D. Hernandez*
> **Carmen D. Hernandez**
> Bar No. MD03366
> 7166 Mink Hollow Rd
> Highland, MD 20777
> 240-472-3391; 301-854-0076 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion was emailed this 5th day of January, 2024 to all counsel of record via ECF.

> /s/ *Carmen D. Hernandez*
>
> **Carmen D. Hernandez**