UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 1:21-CR-631 (TJK) |
| | : | |
| THERESE BORGERDING | : | |
| | : | |
| Defendant. | : | |

**JOINT STATUS REPORT**

Pursuant to the Court's January 26, 2024 Order, the Parties submit the following Joint Status Report updating the Court on outstanding issues to be addressed at the April 12, 2024 pretrial conference, or otherwise prior to the April 22, 2024 trial.

**A. Authentication of Open Source Exhibits**

On January 8, 2024, pursuant to the Court's oral instruction at the pretrial conference held on that same day, the government filed a Motion for Preliminary Authentication of Open Source Exhibits. ECF No. 93. That motion provides the Court with the government's proposal for preliminary authentication of Government Exhibits 201, 202, 203, 208, and 212. The parties have been unable to stipulate to the authenticity of the proposed open-source exhibits contained in Government Exhibit Series 200. The government therefore requests a pretrial ruling on its Motion for Preliminary Authentication of Open Source Exhibits, or alternatively requests that the Court address the government's authenticity proposals for Government Exhibits 201, 202, 203, 208, and 212 at the April 12, 2024 pretrial conference.

Additionally, the government has added two additional open source videos to it exhibit list. The government will be prepared to discuss the authenticity of those videos at the April 12, 2024 pretrial conference. The defense requests that the government file any supplement to their open

source exhibit filing by April 5, 2024. The government opposes this request but commits to filing any supplement in advance of the pretrial conference.

### B.  Pretrial Motions

The defendant filed supplements to her Motion to Dismiss for Violation of Speedy Trial Rights and For a Due Process Violation and her Motion to Dismiss for Vindictive Prosecution. ECF Nos. 104, 105. The government responded to both of those motions. ECF Nos. 106, 107. The defendant did not file any reply briefs. The government considers both supplemental motions fully briefed and requests rulings accordingly.

### C.  The Government's Intent to Offer Evidence Pursuant to Rules 902(11) and 902(14)

At the January 8, 2024 pretrial conference, the Court stated that it intended to discuss the government's Notices of Intent to Offer Evidence Pursuant to Rules 902(11) and 902(14), ECF Nos. 78 (business records for Safeway, Google and Facebook/Meta) and 79 (phone extractions), at a later status conference. The Court preliminarily set that status conference and discussion for January 12, 2024. This trial was continued three days later, on January 11, 2024. Therefore, the parties request that the Court address the government's intent to offer evidence pursuant to Rules 902(11) and 902(14) at the April 12, 2024 pretrial conference.

### D.  Voir Dire

The Court provided the parties with its proposed voir dire on January 4, 2024. That same day, the parties submitted proposed additions to the Court's voir dire. The parties discussed those proposals with the Court at the January 8, 2024 pretrial conference. The Court stated that it would review the parties' proposals and finalize the voir dire. The parties request that the Court either provide the parties with finalized voir dire, or readdress the parties' proposed voir dire at the April 12, 2024 status conference.

### E.  Stipulations

The parties' agreed-upon stipulations are attached as Exhibit A, though the government has not been provided with stipulations signed by the defendant as of the date of this submission. If there are additional stipulations, they will be provided to the Court by the pretrial conference.

### F.  Pretrial Deadlines

The parties request that the Court set any remaining pretrial deadlines at the April 12, 2024 pretrial conference, including but not limited to a deadline for the parties' exchange of opening statement materials.

### G.  Resolved Matters

The parties believe that the following issues were resolved at the January 8, 2024 pretrial conference:

1. **Motions in Limine:** The Court granted the government's motions in limine. *See* ECF No. 99.

2. **Exhibits and Exhibit List:** The government provided an exhibit list and its proposed exhibits to the defendant on January 4, 2024. Since then, the government has added a few exhibits, which have been produced to the defense. An updated exhibit list and a hard-copy binder containing the exhibits will be provided to the Court on the first day of trial, in accordance with the Court's instructions. Ms. Borgerding requests that a copy of any materials that are provided to the Court be provided to her.  She objects to having any materials provided to the Court *ex parte*. The government opposes this request, and consistent with its positions in all other trials in this District, declines to provide a hard copy of its exhibits to the defense to conserve its resources. The government does not believe provision of a hard copy

of its exhibits to the Court is an *ex parte* communication since the same exhibits

will have also been provided to the defense in electronic form.  Ms. Borgerding

requests that the Court resolve the issue at the pretrial conference.

Respectfully,


MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052


| | |
|---|---|
| */s/ Kaitlin Klamann* | */s/ Carmen Hernandez* |
| KAITLIN KLAMANN | CARMEN D. HERNANDEZ |
| Assistant United States Attorney | Bar No. MD03366 |
| Illinois Bar No. 6316768 | 7166 Mink Hollow Rd |
| 601 D Street NW | Highland, MD 20777 |
| Washington, D.C. 20530 | 240-472-3391 |
| (202) 252-6778 | Chernan7@aol.com |
| Kaitlin.Klamann@usdoj.gov | |
| | *Counsel for Defendant* |

*/s/ Rachel Freeh*
RACHEL FREEH
Assistant United States Attorney
District of Columbia Bar No. 1736082
601 D Street NW
Washington, D.C. 20530
(202) 252-7749
Rachel.freeh@usdoj.gov

*Counsel for the Government*