UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **United States of America** | * | |
| | * | |
| v. | * | Case No. 21-cr-0631-2 (TJK) |
| **Therese Borgerding** | * | |
| | * | |

**THERESE BORGERDING'S OBJECTIONS TO THE
AUTHENTICITY AND ADMISSIBILITY OF OPEN-SOURCE VIDEOS**

Ms. Borgerding, by her undersigned counsel, hereby objects to the admission of twenty-open source videos included in the government's final exhibits on the basis that they have not been properly authenticated and that their admission into evidence violates one or more rules of evidence as more fully set forth below. The government's final Exhibit List includes 23 separate open-source videos: Exhibits: 201, 202, 203, 204, 204A, 204B, 205, 205A, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 216A, 216B, 217, 217A. To date, the Court has found that exhibits 201, 202, 203, 208 and 212 are properly authenticated.

**I.   Procedural History**

The government has never filed a Motion in Limine regarding these videos. The deadline for filing such motions was October 9, 2023. Order (ECF 54, filed 7/16/23). Since that date, the government has filed two separate documents titled "Government Submission Regarding Authentication of Open-Source Exhibits. Neither document cites any legal authority for the process the government proposed.

At the pretrial conference held on January 8, 2024, the government indicated that it would seek to introduce a number of open source videos, and would submit the videos and its authenticating proposal later that day. The Court stated that it would consider the filing at the next Pretrial

Conference. Counsel for the defendant understood that the Court would hear argument on the government submission at the April pretrial conference. Later that day, on January 8, 2024, the government submitted its request for preliminary authentication of five open-source videos: Exhibits 201, 202, 203, 208, and 212 (ECF 93, filed 1/8/24). The government requested that the Court authenticate the videos by comparing 2 to 5 still images from US Capitol CCTV videos to the open source videos and thereby ascertain that they captured the same scene.

Ms. Bordering preserved objections to the authenticity of the open-source videos "until sufficient evidence is introduced to support the authenticity of the evidence" and preserved evidentiary objections to their admissibility of the open source videos "including objections under Rule 106 (completeness); Rule 401/402 (relevance); Rule 403 (undue prejudice); Rule 801 (hearsay); and any other evidentiary objections". ECF 90-2, filed 1/7/24.

On April 11, 2024, the government filed its second similarly titled document. This document sought preliminary authentication of Exhibits 205, 213, and 214 (ECF 111, filed 4/11/24).

At the pretrial conference on April 12, 2024, the Court found that the exhibits listed in ECF 93 were properly authenticated, without allowing defendant's counsel to argue against their authentication. The Court withheld its decision regarding the five exhibits listed in the April 11 submission to allow defense counsel time to address these.

Thus, at this point, the Court has authenticated government Exhibits 201, 202, 203, 208, and 212. The government has never sought preliminary authentication nor submitted any CCTV comparisons relating to exhibits 204, 206, 207, 209, 210 and 211.

Shortly after the April 12, 2024 Pretrial Conference, in an attempt to resolve evidentiary objections to the open-source videos undersigned counsel sent an email to government counsel noting

2

her objections and seeking clarification from the government. *See* email attached as Exhibit 1. Government counsel never responded. On the first day of trial, undersigned counsel again sought to resolve the evidentiary objections, providing a hard copy of the earlier email to government counsel. No discussion took place. Ms. Borgerding incorporates the email to the objections set out herein.

## II.      Evidentiary Objections

The open-source videos fall into two categories (a) ones recorded by observers; and (b) ones recorded by persons who have been prosecuted for their participation in the events of January 6.

**Hearsay Objections**

Hearsay is an out-of-court statement offered for the truth of the matter asserted. *United States v. Thompson,* 279 F.3d 1043, 1047 (D.C. Cir. 2002); Fed. R. Evid. 801(c). With respect to all the videos, Ms. Borgerding objects to the admission of statements contained therein as they are hearsay statements. If they are being offered under some exception to the hearsay rule, only the proponent has the ability to identify which exception applies. Undersigned counsel cannot possibly divine the government's theories of admissibility. Moreover, if the statements are not being offered for the truth-of-the-matter asserted then they are likely not relevant. See, e.g., *United States v. Evans,* 216 F.3d 80, 85 (D.C. Cir. 2000) ("For testimony to be admissible for any purpose, however, it must be relevant. *See* Fed.R.Evid. 402. And to be relevant, it must have a "tendency to make the existence of [a] fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.")

   **A.      GX202**.

This video is not relevant, contains inadmissible hearsay and is unduly prejudicial. It shows a man, whose identity cannot be discerned because he is wearing a ski mask, hat and scarf. He is seen

walking across the Rotunda, mostly being ignored by everyone while shouting a couple of times "Do not break anything.  We are not Antifa."

The video includes a caption superimposed over the video which states

> "Bucky Turco – The right:  rioters inside the Capitol were all antifa.
> Also the right: "we are not Antifa."[1]

There is also some background talking, including "my daughter believes Reagan [unintelligible]; it's an inspiration [unintelligible]." While Ms. Borgerding is seen in the video, she is not alleged to have any personal relationship with Mr. Turco or with the person who is seen walking across the video.  She is not seen speaking with the shouting man.  Nor is she close enough to him when he is shouting to plausibly argue that she may have heard the statement.  Indeed, she does not react in any way to the shouting.

Counsel cannot discern how the shouting man makes any fact of consequence to the charges against Ms. Borgerding more or less probable than it would be without him.  *See* Fed. R. Evid. 401.  The man's words are hearsay.  And the chryon superimposed on the video is extraneous to the charges, not relevant and clearly prejudicial.

    **B.**    **Hemphill Video Clips -** There are several videos allegedly recorded by Pam Hemphill, a January 6 defendant.

    **1.**    **GX203 - P.H. Video Clip 1**

Hemphill is heard constantly talking.  Her statements include repeated references to Bundy from Oregon, believed to be a reference to a man who was involved in a standoff with the Bureau of Land Management; she mentions having entered the Oregon statehouse; she tries to have a

---

[1] A search of the internet reveals that Bucky Turco works for an "obscure publication called *ANIMALNewYork.*

conversation with Proud Boy leader Ethan Nordean and other Proud Boys congregated in the area; she repeats several times "it's our house, let us in." She speaks in a conversational tone so that it cannot be said that her statements are overheard by the crowd generally. Ms. Borgerding is seen in the video walking by herself, taking a picture with the Q sign by herself or with one or two persons. She is not seen talking with the Proud Boys or with Ms. Hemphill.

The video is not relevant to any of the charges. It depicts a peaceful gathering of persons outside the perimeter. Thus, it is not evidence of a civil disorder. Once again, counsel cannot discern the relevance of the video. Even if minimally relevant, it is excludable under Rule 403 ("unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence") due to Hemphill's statements and due to the notoriety of the Proud Boys, whose convictions for seditious conspiracy has been widely publicized. That Ms. Borgerding was on the Capitol Grounds – a public forum – walking peacefully around between the hours since early in the morning has been clearly established and is not relevant to any of the charges.

  2.  **GX204 - P.H. Video Clip 2**

While this is a clip of the crowd apparently by the bicycle racks, people are outside the perimeter and peaceful. Various chants are overheard. Not clear its relevance.

  3.  **GX204A**

This video appears to depict Exhibit 204 with a red circle appearing momentarily, which supposedly would mean that Ms. Borgerding is in the video. But if she is present, she is barely discernible. This video is unduly prejudicial because an unknown voice is overheard saying "we're going to the steps." Yet, there is no evidence that Ms. Borgerding is near the person who said that or that she may overheard the statement.

### 4. GX204B

A video of the same general area as the other 204 videos. In this video, the Q sign can be seen in the distance while a lot of chanting is going. Again, the chants and statements heard on the video are hearsay and the video does not establish that Ms. Borgerding heard any of the chants, given the perspective of the video so far away from the Q sign. While the video itself may be relevant, the words overheard are inadmissible hearsay.

### 5. GX205, 205A, 206

While these videos may be relevant, the statements overheard within them are nonetheless inadmissible hearsay. To the extent the government may claim that they are not being offered for the truth of the matter asserted but rather for their effect on the listener, that is simply a fallacious argument for two reasons. *See*, e.g. *Evans, supra*. The only listener as to whom such a statement is relevant would be Ms. Borgerding. However, unless the government can show that Ms. Borgerding heard th statement that exception does not apply. Moreover, if the statement is not used for the truth of the matter asserted, then what exactly is the relevance of the statement.

## C.    GX208 & GX209 - @Nigrotime2021 Exhibits

As with the other videos, these exhibits contain a lot of inadmissible hearsay.

## D.    GX210

This video contains inadmissible hearsay, including references to the Proud Boys, about whom there is no admissible evidence linking Ms. Borgerding to them. Counsel has not located Ms. Borgerding within this video making it not relevant and inadmissible under all the provisions of Rule 403.

E.  GX212 - the Baked Alaska video

This video is unduly prejudicial in that it appears to show a demonstrator attacking a CNN reporter. The video is not relevant to any of the charges and in any event has no relevance to Ms. Borgerding who is not seen on the video. The statements are inadmissible hearsay.

Ms. Borgerding reserves the right to object to the videos not listed herein. Objections are not set out herein due to the lateness of the hour.

**III.  Authenticity Objections**

The Court should exclude all the videos, particularly those created by various entitities who have splashed their logos across the videos or inserted other commentary into the videos unless the government lays a proper foundation as to its authenticity. Fed. R. Evid. 901 governs the authentication or identification of items of evidence. The government must produce a sufficient foundation demonstrating that the evidence "is what the proponent claims it is." Fed. R. Evid. 901(a). "Authentication and identification are specialized aspects of relevancy that are necessary conditions precedent to admissibility. *United States v. Blackwell*, 694 F.2d 1325, 1330 (D.C.Cir. 1982).

The government is thus required to present sufficient evidence that the "@NIGROTIME2021" video is what it purports to be. A comparison of a few still shots from CCTV cameras, taken from a different angle and without sound cannot authenticate minutes-long videos. At this time, the government has failed to provide testimony from the person who recorded the video or that there is a witness who can testify that the events depicted in the video are true and accurate particularly as the videos that fall in this category have been altered on their face by the insertion of chryons.

Respectfully submitted,

/s/ *Carmen D. Hernandez*

**Carmen D.  Hernandez**
Bar No.  MD03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391; 301-854-0076 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion was emailed this 24th day of April, 2024 to all counsel of record via ECF.

/s/ *Carmen D. Hernandez*

**Carmen D.  Hernandez**